# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| KIMMIE SUE ROARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:12-CV-490 |
| | ) | |
| LAPORTE COUNTY | ) | |
| HERALD ARGUS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before this Court on Plaintiff Kimmie Roark's complaint pursuant to 42 U.S.C. section 1983 and her petition to proceed *in forma pauperis.* For the reasons set forth below, pursuant to 28 U.S.C. §1915(e)(2), the Court **DENIES** the Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** her complaint.

BACKGROUND

Roark alleges in her complaint that the LaPorte County *Herald Argus* newspaper and LaPorte City police officers defamed her by spreading rumors that she was a "whore, child stealer, sex offender, whacked-job, psycho, [and] terrorist" (DE 1 at 3). She also alleges that "the Police Force has violated my civil rights, the right to freely travel, and my right to liberty" (*Id.*). The Defendants are the LaPorte County *Herald Argus*, the LaPorte City Police Department, and the City of LaPorte.

DISCUSSION

Pursuant to 28 U.S.C. § 1915, indigent litigants may proceed without prepayment of fees, which prevents poverty from becoming an impediment to the adjudication of legitimate claims in the federal courts. To prevent abusive, captious or meritless litigation, however, federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2). If a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1085 (1994).

The Plaintiff brings this action pursuant to 42 U.S.C. section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. at 48.

The Plaintiff names the *Herald Argus* newspaper as a defendant. To state a claim under section 1983, it is essential that the

person who committed the alleged wrongful conduct was "acting under color of state law." *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994). If the person did not act "under color of state law," the action against that defendant must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The phrase "acting under color of [state] law" means the "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citations omitted). The purpose of section 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

A privately operated news publication and its employees generally do not "act under color of state law," and the facts presented in this action do not suggest that the *Herald Argus* and its employees acted "under color of state law" when they allegedly defamed the Plaintiff. Moreover, even if the *Herald Argus* and its employees acted under state law, defamation states no claim upon which relief can be granted under section 1983. *Paul v. Davis*, 424 U.S. 693, 712 (1976)(claims for slander or defamation are not actionable as a constitutional tort).

The Plaintiff names the LaPorte City Police Department as a defendant. "But a police department is not a suable entity under §

3

1983." *Best v. City of Portland*, 554 F.3d 698, 698 (7th Cir. 2009), citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *see also Jones v. Bowman*, 694 F.Supp. 538, 544 (N.D. Ind. 1988) ("A city's police department is merely a vehicle through with the government fulfills its policy functions and is not a proper party defendant).

Finally, the Plaintiff names the City of LaPorte as a defendant. In the proper circumstances, municipalities may be sued under, section 1983, but municipalities cannot be held liable for damages under section 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).

> A "custom" or "policy" can take one of three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice, that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a "custom or usage" with force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Brokaw v. Mercer County*, 235 F.3d 1000, 1113 (7th Cir. 2000). "Ordinarily, one incident is not sufficient to establish a custom that can give rise to *Monell* liability." *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000), citing *Calusinski v. Kruger,* 24 F.3d 931, 936 (7th Cir.1994).

The Plaintiff alleges that unnamed LaPorte police officers defamed her and attempted to prevent her from traveling to Michigan. As already noted in this memorandum, claims for

4

defamation or slander are not actionable as a constitutional tort. *Paul v. Davis*, 424 U.S. at 712.

Nothing in the complaint suggests that these unidentified police officers' alleged actions interfering with Roark's civil rights, right to freely travel, and her right to liberty were the result of a policy or practice established or sanctioned by the City of LaPorte. The doctrine of *respondeat superior*, under which an employer may be held liable for an employee's actions, has no application to section 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Accordingly, Roark has not stated an official capacity damage claim against the City of LaPorte.

CONCLUSION

For the foregoing reasons, the Court **DENIES** the Plaintiff's motion for leave to proceed *in forma pauperis* (DE 2) and, pursuant to 28 U.S.C. §1915(e)(2), **DISMISSES** this cause of action.

**DATED: January 18, 2013**        /S/RUDY LOZANO, Judge
                                   **United States District Court**